FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE BANISTER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON aka Territory of Washington, and UNITED STATES,<br><br>Defendants. | No. 4:26-CV-05103-RLP<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS |

Before the Court is the United States Motion to Dismiss. ECF No. 10. The matter was considered without oral argument. The Court reviewed the parties'

submissions and the files and records herein. For the reasons set forth below, the United States' Motion to Dismiss is **GRANTED**.

BACKGROUND

Mr. Banister, proceeding *pro se*, filed a Complaint on July 6, 2026, asserting three claims. Claim 1 alleges the State of Washington unconstitutionally deprives him of "his Birthright government" in violation of the Guarantee Clause in Article IV, Section 4 of the Constitution. Claim 2 alleges the State of Washington unlawfully imprisoned him using a fraud upon the court in violation of due process and the Ninth Amendment. Claim 3 alleges the State of Washington and is a public nuisance that exists only by fraud in violation of the Tenth Amendment. ECF No. 1.

He seeks a declaration that the State or Territory of Washington is a nullity; damages of $100,000; and an order compelling "the de-facto defendant [Territory of Washington] to allow or affect proper elections to the State government . . . and to compel the United States to cease and desist any support to this de-facto government." *Id.*

Mr. Banister filed a prior complaint in this Court containing allegations similar to Claim 1, which was dismissed because it presented a nonjusticiable political question under the Guarantee Clause which the Court lacked jurisdiction to hear. *Banister v. State of Wash.*, Case No. 4:26-cv-05020-TOR (E.D. Wash. Feb.

13, 2026) (ECF No. 10, Order of Dismissal With Prejudice, ECF No. 13, Order Denying Motion to Alter or Amend Judgment).

ANALYSIS

The United States challenges whether it was properly named as a Defendant and contends the Complaint: (1) fails to state a claim against the United States; (2) presents a non-justiciable political question, (3) fails to establish waiver of sovereign immunity; and (4) all of Plaintiff's claims are facially frivolous. ECF No. 10.

Mr. Banister agrees he did not state a claim against the United States in Claims 1 or 2, but only in Claim 3. He contends Claim 3 is a request for a declaratory ruling "and thus the purpose of including the United States was to allow them notice and opportunity to appear and advise the court." ECF No. 12.

The Court finds the issue of sovereign immunity dispositive. It is well established that the United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute. *See United States v. Mitchell*, 445 U.S. 535 (1980). The United States is immune from suit absent a waiver or express consent. *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011); *see United States v. Thompson,* 98 U.S. 486, 489, (1878). In the absence of such a waiver, the Court lacks jurisdiction to consider claims

against the United States. See *United States v. Sherwood,* 312 U.S. 584, 586 (1941).

Mr. Banister contends Claim 3 is a request for a declaratory ruling against the United States. The Declaratory Judgment Act does not waive sovereign immunity. *Burns Ranches, Inc. v. U.S. Department of the Interior*, 851 F. Supp. 2d 1267, 1270-72 (D. Or. 2011). The Declaratory Judgment Act "merely grants an additional remedy in cases where jurisdiction already exists in the court." *Brownell v. Ketcham Wire & Mfg. Co.*, 211 F.2d 121, 128 (9th Cir. 1954). A declaratory judgment cannot be a remedy where there is no waiver of sovereign immunity. *See Grondal v. United States*, 682 F. Supp. 2d 1203, 1218 (E.D. Wash. 2010), *aff'd,* 21 F.4th 1140 (9th Cir. 2021). Where there is no waiver of sovereign immunity, there is no cognizable claim against the United States and this Court does not have subject matter jurisdiction. Mr. Banister has not alleged or demonstrated a basis for waiver of sovereign immunity.

The Complaint requests an order compelling the United States "to cease and desist any support to this de-facto government [Washington State/Territory of Washington]." To the extent Mr. Banister intends to assert any other claim against the United States to obtain a "cease and desist" remedy, he has not otherwise established any unequivocal waiver to sovereign immunity. As such, the Court

does not have subject matter jurisdiction over any claims against the United States. Accordingly, all claims against the United States are dismissed.

**Accordingly, IT IS ORDERED:**

1. The United States' Motion to Dismiss, **ECF No. 10,** is **GRANTED**.

2. All claims against the United States are **DISMISSED** with prejudice and the United States shall be **TERMINATED** as a Defendant in this action.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel

DATED November 13, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE